Rudy SPURLOCK, Appellant,

v.

Amel NOE, Jailer, Lee County, Kentucky, Appellee.

Court of Appeals of Kentucky.

May 21, 1971.

Elmer Cunnagin, Jr., McKee, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

This is an appeal from an order dismissing a writ of habeas corpus. The petition for the writ alleged illegal detention of the appellant because of his inability to satisfy a fine imposed by the Lee Circuit Court.

The appellant was indicted by the grand jury of Lee County, Kentucky, for the offense of malicious shooting and a jury fixed his punishment (apparently for a lesser offense) at confinement in jail for a period of twelve months and a fine of $3,000.00. The appellant has now completely served the jail sentence and the Jailer of Lee County has continued to hold him in custody for nonpayment of the fine. The petition for writ of habeas corpus alleged that appellant had no money or property of any kind and that his imprisonment resulted solely from indigency. The evidence at the hearing on the petition sufficiently established that appellant is unable to pay the fine.

The United States Supreme Court in Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (decided March 2, 1971) held that an indigent may not be committed to jail for failure to make immediate payment of a fine. The states are prohibited from imposing a fine as a sentence and then automatically converting it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine.

Our courts are bound by that decision and under its authority the appellant must not be further confined solely because of his inability at this time to pay his fine.

The ruling in Tate v. Short overturns an established procedure in Kentucky and for that reason we are not inclined to proceed beyond the requirement of that decision. It is accordingly noted that in Tate v. Short the Supreme Court emphasized that the holding therein does not suggest any constitutional infirmities in the imprisonment of a defendant with the means to pay a fine who refuses or neglects to do so.

The court quoted with approval from Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970) as follows:

"The State is not powerless to enforce judgments against those financially unable to pay a fine; indeed, a different result would amount to inverse discrimination since it would enable an indigent to avoid both the fine and imprisonment for nonpayment whereas other defendants must always suffer one or the other conviction.

"It is unnecessary for us to canvass the numerous alternatives to which the State by legislative enactment—or judges within the scope of their authority—may resort in order to avoid imprisoning an indigent beyond the statutory maximum for involuntary nonpayment of a fine or court costs. Appellant has suggested several plans, some of which are already utilized in some States, while others resemble those proposed by various studies. The State is free to choose from among the variety of solutions already proposed and, of course, it may devise new ones."

The court then stated that its decision in Tate v. Short should not be understood as precluding imprisonment as an enforcement method when alternative means are unsuccessful despite the defendant's reasonable efforts to satisfy the fine by those means. The determination of the constitutionality of imprisonment in that circumstance was withheld pending the presentation of a concrete case on that point.

We think that the teaching of Tate v. Short is that a defendant who is in custody solely and only because he cannot make immediate payment of a fine by reason of indigency must be released from custody forthwith. This does not mean, however, that the fine is extinguished or that the state is powerless to compel its pay-

ment. An indigent person may not be continued in prison for nonpayment of a fine without having been given some reasonable alternative opportunity to satisfy the fine.

The appellant must be released from custody but we find nothing in Tate v. Short which precludes the circuit court from conditioning the order of release upon some reasonable alternative method for the satisfaction of the fine.

The judgment is reversed for proceedings in conformity with this opinion.

All concur.