Charles E. LEWIS, Appellant,

v.

Pamela Jean LEWIS, Appellee.

Tony PRICE, Appellant,

v.

Sandra PRICE, Appellee.

Nos. 91–SC–463–DG, 91–SC–641–TG.

Supreme Court of Kentucky.

May 27, 1993.

Gary W. Adkins, William B. Mains, Dennis M. Stutsman, Morehead, for appellants.

Marsha M. McCartney, Flemingsburg, for appellee Pamela Jean Lewis.

Michael J. Curtis, Ashland, for appellee Sandra Price.

WINTERSHEIMER, Justice.

These consolidated appeals involve civil contempt of court for failure to pay accrued child support. Both Charles Lewis and Tony Price appeared before the trial court without counsel, and both were ordered incarcerated until they expunged the total debt of which they were adjudged to be in arrears.

The questions presented are whether adjudicated indigents facing incarceration for civil contempt for failure to pay child support are entitled to appointment of counsel; and whether it was error to order incarceration without a specific finding of fact concerning the obligor's present ability to pay.

On January 12, 1990, Pamela Lewis filed a motion in the Mason Circuit Court asking that Charles Lewis be ordered to show cause why he should not be held in contempt of court for failure to pay child support. On January 19, 1990, Charles Lewis appeared before the circuit court without counsel. The transcript of the hearing demonstrates that he was not afforded or advised of his right to counsel. He was not given an opportunity to explain whether he had paid any child support pursuant to the decree of dissolution or why he was behind in his payments. The trial court refused to look at his tax return. The court then ordered Lewis incarcerated in the county jail until he purged himself of contempt. Lewis obtained a stay of incarceration from the Court of Appeals. This Court granted discretionary review.

On June 26, 1991, Sandra Price filed a motion before the Boyd Circuit Court requesting that Tony Price be ordered to show cause why he should not be held in contempt for falling behind in his child support payments and property settlement agreement. On July 19, 1991, Tony Price appeared before the circuit court without counsel. This hearing was not recorded at the request of Sandra Price's counsel. The trial court entered an order determining that child support arrearage and property settlement amounts were owed. The court made no findings of fact, however, regarding Price's present ability to make any payment on these debts. He was sentenced to the county jail until he expunged himself of the total arrearage of $7,050, of which he was adjudged to be in contempt of court. The order of incarceration was stayed by the Court of Appeals. This Court granted transfer and consolidated the cases.

■ Neither Price nor Lewis preserved for appellate review the issues considered in this appeal. We review these questions because the legislature has determined that an indigent person who is facing incarceration for any amount of time is entitled to appointed counsel. K.R.S. 31.100(4); K.R.S. 31.-110(1)(a). Failure to review could result in manifest injustice. *Massie v. Persson,* Ky. App., 729 S.W.2d 448 (1987). *Pittsburg & Midway Coal Mining Company v. Rushing,* Ky., 456 S.W.2d 816 (1969).

■ Lewis and Price argue that an indigent defendant has a right to appointed counsel in civil contempt proceedings under

the Fourteenth Amendment to the United States Constitution when a trial court contemplates incarceration as a penalty. That issue need not be reached for we hold that the statutes of the Commonwealth require that an indigent person has a right to appointed counsel in civil contempt proceedings prior to the execution of an order of incarceration.

A "serious crime" is defined by K.R.S. 31.100(4)(c) as "[a]ny legal action which could result in the detainment of a defendant." Detain "means to have in custody or otherwise deprive of freedom of action." K.R.S. 31.100. "A needy person who is being detained by a law enforcement officer ... or who is under formal charge of having committed, or is being detained under a conviction of, a serious crime is entitled" to appointed counsel. K.R.S. 31.110. Lewis and Price were denied their opportunity to receive state appointed and funded counsel.

■ K.R.S. 31.120 provides guidance for trial courts in determining whether a person qualifies for appointed counsel. If the trial court finds that a defendant fails to qualify as an indigent under K.R.S. 31.120, then the court shall so state its findings in the record. Failure to provide an opportunity to present an affidavit of indigency is reversible error.

■ Price and Lewis also argue that incarceration, in the absence of a showing of a present ability by the contemnor to purge himself of the contempt, violates the Kentucky and Federal constitutions. We decline to address appellants' federal argument, but it is clear that the trial courts' actions in the present cases constitute an abuse of discretion under Kentucky law.

■ The question of the ability of a debtor to satisfy a judgment is a question of fact to be determined by the trial judge. *Clay v. Winn,* Ky., 434 S.W.2d 650 (1968). The power of contempt cannot be used to compel the doing of an impossible act. *Rudd v. Rudd,* 184 Ky. 400, 214 S.W. 791 (1919). *Clay, supra,* held that a father delinquent in his child support payment, but financially unable to pay, had a valid defense to contempt. *Clay* further indicated that the trial judge should make a finding of fact on the question of the ability to pay and any further contempt proceedings should be limited to those amounts which the delinquent father is found to be able to pay. *Spurlock v. Noe,* Ky., 467 S.W.2d 320 (1971), held that a defendant in custody only because he was unable to pay a fine because of his indigence must be released. *Spurlock, supra,* indicated that such a ruling did not mean that the fine was extinguished or that the state could not compel payment but only that the indigent defendant must be given some reasonable alternative to satisfy the fine.

■ This Court recognizes the inherent power of the trial court to enforce its judgment by means of incarceration of a person who is found in contempt of the lawful orders of the court. Such action is extraordinary and subject to certain limitations. The contempt power should not be used to require the doing of an impossible thing. *Cf. Rudd, supra.*

■ Child support enforcement has become an increasingly difficult situation both for the person needing the support and for the person required to provide it. Recent statutory and administrative procedures are intended to improve the rate at which non-custodial parents satisfy their legal obligations to support their dependent children. *See* K.R.S. 403.210–215; 904 KAR 2:022–025. A contempt action does not mean that the trial judge can excuse accrued arrearage. K.R.S. 403.213(1).

This Court understands that trial judges are human and that child support questions are vexing and difficult. The intention of this Court is not to unduly prolong such matters but only to provide guidance so as to prevent improper incarceration. All such hearings should be prompt yet complete. Nothing in this opinion should be construed as limiting the use of imprisonment as a legitimate tool for the enforcement of child support orders.

■ This Court is not unmindful of the fact that the trial court has the capacity to enforce its orders even if it is unable to effectively incarcerate indigent debtors. The trial judge may order the debtor to report periodically regarding job search efforts so

that appropriate wage assignments can be made. Legally proper actions can be taken to impound any Federal or State Income Tax refund to which the debtor may be entitled as a result of whatever employment has been obtained. The trial court can include provisions in its support collection orders requiring the debtor to report child support obligations when applying for unemployment benefits. By no means do we wish to limit the opportunity for innovative counsel and courts to enforce the collection of proper child support payments and arrearage.

The trial court must hold a hearing and allow the contemnor to explain through counsel, or *pro se,* why he or she should not be incarcerated for civil contempt of court. If the contemnor is not represented by counsel at such a hearing, then the trial court should make a specific finding of fact concerning the person's indigency. If the defendant is found to be indigent, then prior to any incarceration, counsel should be appointed and the defendant should be given an opportunity to show cause why the order of incarceration should not be executed.

Should defendants be found to have present ability to pay; that is, they have the funds available to purge themselves of contempt and thus the key to their own release, the trial judge could find the defendants in civil contempt and the order should identify it as such. If the defendant has the present ability to pay, he or she may not be indigent and therefore not entitled to appointed counsel. If found to be indigent, the trial court should then appoint counsel pursuant to K.R.S. 31.110 to represent the indigent person.

The predominant issue in any such contempt proceeding regarding the determination of an entitlement to appointed counsel is not whether the proceeding is denominated civil or criminal, but rather whether the court could elect to imprison the indigent defendant. Civil contempt charges should be related to the amount the defendant is found able to pay. In no event however, is the unsatisfied judgment or arrearage discharged by mere indigence.

It has been noted in *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), that no person may be imprisoned for any offense whether it is classified in the traditional sense as felony, misdemeanor or petty, unless represented by counsel. Failure to pay child support is a serious matter. Contempt of a court order arising from the failure to pay child support is also a serious matter. Incarceration for such failure is equally a serious matter. Applying K.R.S. 31.100(4)(c) to such a situation means that any legal action which could result in the detainment of an indigent by law enforcement calls for the appointment of counsel.

In the specific cases presented here, the trial courts were in error in failing to make findings of fact concerning the defendants' actual ability to pay their support obligations. The defendants were entitled to present what evidence they had concerning their ability or lack of ability to pay or otherwise satisfy the judgment. If indigent, they were entitled to appointed counsel before they were incarcerated.

The decision of the Court of Appeals in Lewis is affirmed. The judgments of the Mason and Boyd Circuit Courts are reversed, and these matters are remanded for a determination and further proceedings consistent with this Opinion.

All concur, except LEIBSON, J., who concurs in result only.