RENDERED: MARCH 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1327-MR

SUMMER M. POWELL                                   APPELLANT

                    APPEAL FROM DAVIESS CIRCUIT COURT
v.                  HONORABLE JOHN M. MCCARTY, JUDGE
                    ACTION NO. 16-CI-00901

JOHN W. RILEY, JR.; AND
CABINET FOR HEALTH AND FAMILY
SERVICES, COMMONWEALTH OF KENTUCKY          APPELLEES

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: JONES, LAMBERT, AND K. THOMPSON, JUDGES.

LAMBERT, JUDGE: Summer M. Powell (Powell) appeals from the Daviess

Circuit Court's July 25, 2019, order finding her in contempt of court for failure to

pay child support. After review, we vacate the circuit court's order and remand the

matter.

This case began in 2016 when John W. Riley, Jr. (Riley) sought primary custody of C.R., the child he shares with Powell. In 2017, the Cabinet for Health and Family Services (CHFS) filed a motion seeking to intervene in the case and requesting that the court set child support. The court granted CHFS's motion and ordered Powell to pay Riley $380.00 per month for child support.

In November 2017, CHFS filed its first motion to hold Powell in contempt of court for failure to pay child support. Following a hearing in February 2018, the court entered judgment in favor of the Appellees and ordered Powell to pay $418.00 per month for child support, $38.00 of which was to go to arrears. The issue of contempt was passed, but the motion remained on the court's active docket until October 2018 when it was withdrawn.

According to Powell's testimony, she worked at Dollar General from February 2018 until October 2018 when she quit because she was unable to get any time off. At some point during this time she became pregnant with her second child. After leaving Dollar General, Powell was employed by Walmart, in either November or December 2018, for one month. Powell stated she quit because she was four months pregnant and did not feel she could perform the labor required. Powell was unemployed from the time she left Walmart until July 2019 when she began working for Big Lots.

In February 2019, Powell moved to modify her child support because she was seven months pregnant and would be unemployed until after the baby was born in April. Soon thereafter, in March, CHFS filed a second motion to hold Powell in contempt of court for failure to pay child support. Following a hearing, the court entered judgment in favor of the Appellees and ordered Powell to pay $608.30 per month for child support, $55.30 of which was to go to arrears. The motion for contempt was passed until July 25, 2019.

On July 25, 2019, Powell appeared in court for two separate hearings; the first addressed the modification of her child support obligation, and the second pertained to CHFS's motion for contempt. The second hearing and the order occurring therefrom are the subject of this appeal.

Both Riley and Powell offered testimony during the contempt hearing. Riley testified he was the primary custodian of C.R. and that Powell owed him $5,312.53 for child support. He said that, to the best of his knowledge, Powell had made only two payments since March 11, 2019, one for $70.00 in June and a $60.00 payment on the day of the hearings. He also stated Powell's failure to pay child support "somewhat" impacted his ability to support C.R. because he had to work over sixty hours some weeks to make ends meet.

Powell testified that she was twenty years old and had a tenth-grade education. She stated she currently works for Big Lots around twenty to thirty

hours per week at $9.50 per hour, and that this was insufficient to meet her living expenses. She said the reason she did not work more hours or seek out a second job was because she did not have child care for her second child, who was then four months old. Powell indicated she was in the process of getting a job at Dollar General. Finally, Powell testified that she did not receive any state assistance, nor did she have any assets she could use to satisfy her child support obligation.

At the conclusion of the hearing, while the court was discussing its findings, Powell stated she could pay child support, although she did not know whether she could pay the full court ordered amount. Her statement did not change the court's ruling. That same day it entered an order finding that Powell: (1) knew she had a child support obligation, (2) had the ability to work and pay child support, (3) failed to make her child support payments, (4) that her failure to pay was willful and without just cause, and (5) that she was in contempt of court. She was sentenced to serve 180 days imprisonment, probated for two years on the condition that she pay child support. Finally, the court order set a new support obligation of $512.00 per month, $40.00 of which was to be applied to Powell's arrears. This appeal followed.

We must first address the Appellees' failure to timely file a brief. Kentucky Rule of Civil Procedure (CR) 76.12(8)(c) governs sanctions for this error allowing the Court to

> (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

In this instance, we elect to accept Powell's statement of facts and issues as correct and, for the following reasons, we vacate the judgment of the circuit court.

The issue before us is whether the court erred in finding Powell in contempt of court. "A trial court, of course, has broad authority to enforce its orders, and contempt proceedings are part of that authority." *Commonwealth, Cabinet for Health and Family Services v. Ivy*, 353 S.W.3d 324, 332 (Ky. 2011) (citation omitted). However, it is important to note that "[t]he contempt power should not be used to require the doing of an impossible thing." *Lewis v. Lewis*, 875 S.W.2d 862, 864 (Ky. 1993).

The circuit court's use of its contempt power is reviewed for abuse of discretion, while the clear error standard is applied to the factual findings. *Id.* The court abuses its discretion when its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Nienaber v. Commonwealth*, 594 S.W.3d 233, 235 (Ky. App. 2020). Its findings are clearly erroneous when they are not supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003).

In a civil contempt case the movant bears the initial burden of showing by clear and convincing evidence that the alleged contemnor violated a valid court order. *Ivy*, 353 S.W.3d at 332. If such a showing is made, then a presumption of contempt arises and the burden of proof shifts to the alleged contemnor. *Id.* The alleged contemnor must then show by clear and convincing evidence she was either unable to comply or was otherwise justified in failing to comply with the court's order. *Id.* This evidence must show she made all reasonable efforts to comply; mere assertions will not suffice. *Id.* If the alleged contemnor makes the requisite showing, "then the presumption of contempt dissolves and the trial court must make its determination from the totality of the evidence, with the ultimate burden of persuasion on the movant." *Id.*

In the case *sub judice*, there is no dispute that the Commonwealth proved Powell violated a valid court order. Therefore, the burden shifted to Powell to show she was unable or otherwise justified in her failure to comply.

Powell's primary argument was that she could not comply with the child support order because she could not meet the living expenses for herself and her second child. To support this assertion, Powell testified that she started working at Big Lots in July 2019, twenty to thirty hours per week at $9.50 per hour. She lives with her boyfriend's mother. Powell stated she owns a car her father purchased, and that she pays for insurance. She also testified she does not

-6-

receive any state assistance, nor does she have any assets she could sell or liquidate to meet her child support obligation. While Powell said she could make a child support payment, she did not think she could pay the court ordered amount.

Additionally, Powell testified that she could not comply with the court's child support order because she was pregnant with her second child and, after the baby was born, she could not find child care for her second four-month-old child.

The court did not believe Powell had shown through clear and convincing evidence that she was unable to comply or was otherwise justified in not complying, finding

> [u]nfortunately for [Powell], that the child that she has now she can't take care of. It's born after this particular child for which she has a child support order to pay for. It's one of those things that she should have thought about at the time that she got pregnant. That she has a child to care for.

The court then sentenced Powell to serve 180 days imprisonment, probated for two years on the condition that she pay child support. It ordered her to pay $512.00 per month in child support, $40.00 of which was to be applied to arrears. Powell informed the court that she could not pay this amount.

Although the Court's findings were perhaps distastefully worded, we cannot say its findings were clearly erroneous. However, the way in which the court chose to exercise its contempt power was an abuse of discretion. The court

-7-

focused on the fact that Powell "should have thought about" the child support order for her first child before becoming pregnant with the second. However, the purpose of the court's contempt power is to enforce its orders, not to teach the defendant a life lesson. *Ivy*, 353 S.W.3d at 332.

The court should have considered Powell's current situation. She testified she has a tenth-grade education and that she works part-time at Big Lots for $9.50 per hour. She said she cannot work additional hours because she has no one to care for her second child while she works. Most notably, she testified she could not meet her living expenses and she could not pay the court ordered child support amount. Considering Powell's testimony, as her situation currently stands, it would be impossible for her to meet a $512.00 child support obligation and care for her second child. As a result, the court's contempt order is arbitrary, unreasonable, and unfair.

For the foregoing reasons, the July 25, 2019 order is vacated, and the matter is remanded to the Daviess Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:             NO BRIEF FOR APPELLEES

Robert C. Yang
Kathleen K. Schmidt
Frankfort, Kentucky