RENDERED: SEPTEMBER 3, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1867-MR

DANIEL POPA                                                                        APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE DENISE DEBERRY BROWN, JUDGE
ACTION NO. 09-CI-500413

LUCIA POPA                                                                          APPELLEE

AND

NO. 2020-CA-0408-MR

DANIEL POPA                                                                        APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE DENISE DEBERRY BROWN, JUDGE
ACTION NO. 09-CI-500413

LUCIA POPA                                                                          APPELLEE

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE: DIXON, KRAMER,[1] AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Daniel Popa appeals from the Jefferson Circuit Court's orders finding him in contempt of court (with attorney's fees awarded to Lucia Popa) and denying his motion for reduction of child support. We affirm both orders.

Daniel and Lucia were married in 1995, and they separated in 2009. They share four children, one of whom has since reached majority. Their marriage was dissolved in 2010. But the parties have continued to dispute several aspects of the dissolution since that time.[2]

Under the decree, Daniel agreed to pay child support of $6,000.00 per month. Lucia has primary residential custody of the children. Daniel's support payment was reduced in June 2015 to $4,500.00 per month after the oldest child's emancipation. Payments were made accordingly through December 2018, after

---

[1] Judge Joy A. Kramer concurred in this Opinion prior to her retirement effective September 1, 2021. Release of the Opinion was delayed by administrative handling.

[2] *See*, *e.g.*, *SRVR, LLC v. Neidoni*, 3:18-CV-050-CHB, 2020 WL 201052 (W.D. Ky. Jan. 13, 2020); *Popa v. Popa*, No. 2019-SC-000115-I, 2019 WL 4072977 (Ky. Aug. 29, 2019); *Popa v. Cunningham*, No. 2018-SC-000399-MR, 2019 WL 2462307 (Ky. Jun. 13, 2019); *Popa v. Popa*, No. 2018-CA-1053-MR, 2020 WL 6220048 (Ky. App. Oct. 23, 2020); and *Martin v. Popa*, No. 2014-CA-001364-MR, 2016 WL 1558518 (Ky. App. Apr. 15, 2016).

which Daniel ceased making child support payments because of a purported tax levy on one of his companies. On January 22, 2019, Daniel filed a motion to modify child support because of his alleged decrease in available resources with which to make the payments. By order dated January 29, 2019, the parties were referred to mediation. On February 12, 2019, Lucia filed a motion for Daniel to appear in person for a deposition as part of the discovery process. That motion was denied on February 21 of that year.

Meanwhile, in May 2019, Lucia filed a motion to hold Daniel in contempt for failing to fulfill his obligation to the children. In June she sent discovery requests to him. On July 23, 2019, Lucia filed a motion to compel Daniel to answer all outstanding discovery related to his motion to reduce child support. The circuit court granted the motion to compel on July 29, 2019.

On August 15, 2019, the circuit court held an evidentiary hearing on the contempt motion. Daniel defended on the theory of inability to pay. The circuit court entered an order holding Daniel in contempt, concluding that Daniel had sufficient income and assets to meet his child support obligations. Daniel has appealed from that order (No. 2019-CA-1867-MR).

Thereafter, the litigation continued on Daniel's motion for a reduction in child support payments. Lucia filed numerous motions regarding discovery, and Daniel resisted her motions as well as requested attendance at proceedings via

telephone. On December 30, 2019, Lucia filed a motion to dismiss Daniel's request for reduced payments. His deposition, scheduled for January 7, 2020, had not occurred by the time the circuit court granted Lucia's motion to dismiss on January 28, 2020. Daniel appeals from that order as well (No. 2020-CA-0408-MR). The appeals are being considered together by this Court.

The first issue before us is whether the court erred in finding Daniel in contempt of court. "A trial court, of course, has broad authority to enforce its orders, and contempt proceedings are part of that authority." *Commonwealth, Cabinet for Health and Family Servs. v. Ivy*, 353 S.W.3d 324, 332 (Ky. 2011) (citation omitted). However, it is important to note that "[t]he contempt power should not be used to require the doing of an impossible thing." *Lewis v. Lewis*, 875 S.W.2d 862, 864 (Ky. 1993).

The circuit court's use of its contempt power is reviewed for abuse of discretion, while the clear error standard is applied to the factual findings. *Id.* The court abuses its discretion when its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Nienaber v. Commonwealth*, 594 S.W.3d 233, 235 (Ky. App. 2020). Its findings are clearly erroneous when they are not supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003).

In a civil contempt case the movant bears the initial burden of showing by clear and convincing evidence that the alleged contemnor violated a valid court order. *Ivy*, 353 S.W.3d at 332. If such a showing is made, then a presumption of contempt arises and the burden of proof shifts to the alleged contemnor. *Id.* The alleged contemnor must then show by clear and convincing evidence he was either unable to comply or was otherwise justified in failing to comply with the court's order. *Id.* This evidence must show he made all reasonable efforts to comply; mere assertions will not suffice. *Id.* If the alleged contemnor makes the requisite showing, "then the presumption of contempt dissolves and the trial court must make its determination from the totality of the evidence, with the ultimate burden of persuasion on the movant." *Id.*

Here, there is no dispute that Lucia proved Daniel violated a valid court order, namely, to make timely child support payments. Therefore, the burden shifted to Daniel to show he was unable or otherwise justified in his failure to comply. The circuit court's hearing was three hours long and gave Daniel ample opportunity to meet that burden. The circuit court made six pages of findings in its order holding Daniel in contempt. It concluded by stating:

> The court concludes [Daniel] has failed to make any
> child support payments for 2019, with the exception of a
> partial payment in July 2019. This is a willful disregard
> of the court's order. The court specifically rejects
> [Daniel's] defense of inability to pay, as the court
> concludes [Daniel] has the income earning capacity to

meet his monthly child support obligation. In addition, even if [Daniel] lacks the current ability to pay, the court concludes this is a result of his own actions. Specifically, [Daniel] gutted the companies awarded to him and is now using that behavior to justify his failure to support his children as ordered. Finally, the court has little regard for [Daniel's] veracity, given his past behavior, his inconsistent testimony, and his ongoing disregard of court orders.

The circuit court order included a provision by which Daniel could purge himself of contempt (by bringing his obligation current) as well as finality language for purposes of appeal.

We have reviewed the record in its entirety and find no abuse of discretion in the circuit court's order holding Daniel in contempt. The circuit court's findings are supported by substantial evidence and its conclusions by "sound legal principles." *Nienaber*, 594 S.W.3d at 235. We adopt its holding as if fully set out herein.

We next turn to the issue of whether the circuit court erred in its dismissal of Daniel's motion for reduction of child support. Ordinarily, our standard of review of denial of a motion to reduce child support is stated here:

> We review the establishment, modification, and enforcement of child support obligations for abuse of discretion. *Plattner v. Plattner*, 228 S.W.3d 577, 579 (Ky. App. 2007). The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Downing v. Downing*, 45 S.W.3d 449, 454 (Ky. App. 2001) (citing *Goodyear Tire and Rubber Co.*

-6-

*v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000)). "[And] generally, as long as the trial court gives due consideration to the parties' financial circumstances and the child's needs, and either conforms to the statutory prescriptions or adequately justifies deviating therefrom, this Court will not disturb its rulings." *Van Meter v. Smith*, 14 S.W.3d 569, 572 (Ky. App. 2000) (citing *Bradley v. Bradley*, 473 S.W.2d 117 (Ky. 1971)).

*McCarty v. Faried*, 499 S.W.3d 266, 271 (Ky. 2016).

Here, the motion was dismissed – rather than denied – pursuant to

Kentucky Rule of Civil Procedure (CR) 37.02 ("Failure to comply with order")

which states, in pertinent part:

> (1) Sanctions by court in judicial district where deposition is taken.
>
> If a deponent fails to be sworn or to answer a question after being directed to do so by the court in the judicial district in which the deposition is being taken, the failure may be considered a contempt of that court.
>
> (2) Sanctions by court in which action is pending.
>
> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30.02(6) or 31.01(2) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Rule 37.01 or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> . . .
>
> > (c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action

or proceeding or any part thereof, or
rendering a judgment by default against the
disobedient party;

. . .

(3) Expenses on failure to obey order.

In lieu of any of the foregoing orders or in addition
thereto, the court shall require the party failing to obey
the order or the attorney advising him or both to pay the
reasonable expenses, including attorney's fees, caused by
the failure, unless the court finds that the failure was
substantially justified or that other circumstances make
an award of expenses unjust.

After outlining the various instances where Daniel had ignored or defied the circuit

court's orders pertaining to discovery, the circuit court then concluded:

[Daniel] has failed to comply with discovery necessary to
his motion to modify child support, in that he has failed
to comply with this court's orders to attend mediation
and to appear for a deposition. Both of these failures are
a result of choices made by [Daniel] and represent an
ongoing pattern [Daniel] has displayed throughout this
litigation. [Daniel] has also failed to turn over
documentation related to his investment in Anchor [his
cryptocurrency startup company], as previously ordered
by the court. While [Daniel] alleges he lacks access to
the financial records, [he] has repeatedly made similar
claims in the past. Further, the court concludes [Daniel]
is unlikely to prevail on his claim of a decrease in
income, as this court recently heard approximately three
(3) hours of testimony on the same general issue, which
resulted in conclusions entered by this court that [Daniel]
had the ability to pay his current child support obligation.
Finally, the court concludes this dismissal does not
significantly prejudice [Daniel], as the issue of
modification of child support remains within the

-8-

jurisdiction of this court and [Daniel] can refile his motion at a time when his circumstances allow him to fully litigate the issue, including complying with this court's mediation and deposition orders.

We are guided by the standard of review enunciated by this Court in *Bramblett v. Penske Truck Leasing Company, L.P.*, 598 S.W.3d 567 (Ky. App. 2019), *discretionary review denied* (Apr. 22, 2020), namely:

> A trial court has broad discretion in addressing a violation of its orders regarding discovery. *Turner v. Andrew*, 413 S.W.3d 272 (Ky. 2013). We review the trial court's determination of appropriate sanctions, including fee awards, for an abuse of its discretion. *Rumpel v. Rumpel*, 438 S.W.3d 354 (Ky. 2014). "The test for abuse of discretion is whether the trial court's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

*Bramblett*, 598 S.W.3d at 573. "CR 37.02 provides a variety of sanctions for discovery abuse. The harshest sanctions include the exclusion of evidence, the striking of pleadings, and dismissal of the action." *Id.* at 574.

Again, having examined the entire record, we can discern no abuse of discretion in the circuit court's imposition of sanctions against Daniel. The record supports the circuit court's findings, which were sufficient for appellate review. *See Turner v. Andrew*, 413 S.W.3d 272 (Ky. 2013). We affirm the circuit court's order dismissing Daniel's motion for reduction of child support.

We lastly consider Daniel's contention that the circuit court erred in ordering him to pay $7,500.00 toward Lucia's attorney's fees. Kentucky Revised Statute 403.220 allows for such an award, and it will not be disturbed absent an abuse of discretion. "The trial court was certainly in the best [position] to observe the lack of candor and cooperation which led to the accrual of many of the fees in this case – which it noted in its order." *Smith v. McGill*, 556 S.W.3d 552, 556 (Ky. 2018). We affirm the award to Lucia of partial attorney's fees.

The orders of the Jefferson Circuit Court are affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Bryan J. Dillon
Prospect, Kentucky

BRIEF FOR APPELLEE:

Louis P. Winner
Louisville, Kentucky