RENDERED:  NOVEMBER 19, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1925-MR

JAMES E. DURHAM                                                                    APPELLANT

v.     APPEAL FROM BULLITT CIRCUIT COURT
FAMILY COURT DIVISION
HONORABLE MONICA K. MEREDITH, JUDGE
ACTION NO. 92-J-00083

COMMONWEALTH OF KENTUCKY
EX REL. CABINET FOR HEALTH
AND FAMILY SERVICES; AND JODI
M. BROWN                                                                               APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  James E. Durham brings this appeal from a November 12,

2019, Order of the Bullitt Circuit Court, Family Court Division, finding him in

contempt for failure to pay child support and imposing a sentence of 179-days'

incarceration.  We affirm.

The underlying action was commenced on March 11, 1992, in the Bullitt District Court (Action No. 92-J-00083) upon the filing of a paternity complaint by the Commonwealth of Kentucky ex rel. Cabinet for Human Resources (collectively referred to as the Commonwealth) and Jodi M. Brown.[1] The Commonwealth sought to establish paternity of Brown's daughter, who was born on August 16, 1991.[2] In the petition, it was alleged that Brown was receiving support from the Commonwealth under Aid to Families with Dependent Children, as well as other government benefits, and the Commonwealth wanted contribution from the child's father. Brown identified Durham as the father, and Durham filed an acknowledgement of paternity. By Judgment and Order entered August 10, 1992, Durham was adjudicated the father and ordered to pay child support of $40 per week.

Between 1992 and 2005, the matter was brought before the lower court on several occasions for issues related to nonpayment of child support. By order entered June 1, 2004, Durham was determined to be in contempt for failure to pay child support and was sentenced to 179-days incarceration conditionally

---

[1] The Cabinet for Human Resources is now known as the Cabinet for Health and Family Services. The Petition in this action was initiated by the Bullitt County Attorney on behalf of the Commonwealth of Kentucky and Brown.

[2] The child turned eighteen on August 16, 2009, and from the record it appears James E. Durham's child support obligation terminated in 2010 when the child graduated from high school.

discharged for two years. Child support of $416.87 per month was ordered to be paid plus an additional $50 per month to be applied toward his arrearage of $9,087.79.[3] The record is silent from late 2005 until early 2019. Presumably, Durham made substantial child support payments during this period of time. His unrefuted testimony, based on information received from the Bullitt County Attorney's Office, indicates he had paid over $62,800 of child support prior to the 2019 hearing. However, he remained obligated to pay any arrearage at the rate of $50 per month.

On April 16, 2019, the Commonwealth filed a motion to hold Durham in contempt of court for failure to pay his current child support arrearage, in the amount of $2,793.74.[4] An evidentiary hearing was conducted, and by Order entered on November 12, 2019, the family court stated:

> At the hearing on November 5, 2019[,] the [Commonwealth] produced evidence that the current arrearage balance is $2,753.74. [Durham] has reduced the balance by less than $50.00 since the [Commonwealth's] Motion was filed in April 2019. [Durham] testified that he works as a drywaller and supports a gambling habit. Counsel for [Durham] argued that [he] has "substantially complied" with his child support obligation and the Orders of the Court and thus should not be held in contempt.

---

[3] An Agreed Order reciting the same repayment terms was entered on August 31, 1999, and on December 19, 2001, by the Bullitt District Court. Durham signed the orders as a *pro se* litigant.

[4] At the hearing, a representative of the Bullitt County Attorney's Office testified that Durham owed $1,896.87 to the Commonwealth and $856.87 to Brown, which totals $2,753.74, not $2,793.74.

[Durham] has offered no reasonable explanation as to why he was unable to comply with the agreement he had previously entered and requested, by his agreement, for the Court to Order. In fact, the testimony of [Durham] is that he is capable of gainful employment and has income sufficient to provide for him to participate in the recreational activity of gambling. The Court being sufficiently advised;

IT IS HEREBY ORDERED that [Durham] is found to be in contempt of Court. For his contemptuous conduct the Court imposes a sanction of one hundred seventy-nine (179) days to be served in the Bullitt County Detention Center. The sentence is to begin immediately and to be served continuously until satisfied.

November 12, 2019, Order at 2-3. This appeal follows.

Durham contends that the family court erred by finding him in contempt of court for failure to pay his child support arrearage as ordered. More particularly, Durham contends the family court erred by ordering him to pay a purge amount of $2,753.74, the total arrearage, which Durham otherwise had no ability to pay.

It is well-established that a trial court has the inherent authority to enforce its judgment by ordering incarceration of a person who is found in contempt of a lawful order of the court. *Lewis v. Lewis*, 875 S.W.2d 862, 864 (Ky. 1993). Such inherent authority is nearly unfettered and will not be disturbed absent an abuse of discretion. *Lanham v. Lanham*, 336 S.W.3d 123, 128 (Ky. App. 2011). It has, likewise, been recognized that the lower court's contempt authority

-4-

should not be utilized to compel the doing of an impossible act. *See Lewis*, 875 S.W.2d at 864 (citing *Rudd v. Rudd*, 214 S.W. 791 (Ky. 1919)). In fact, the Kentucky Supreme Court has specifically held that financial inability to pay can be a valid defense to contempt. *See Lewis*, 875 S.W.2d at 864 (citing *Clay v. Winn*, 434 S.W.2d 650, 652 (Ky. 1968)). Therefore, the lower court must find that the contemnor has the ability to satisfy the child support judgment before incarceration can be ordered. *Lewis*, 875 S.W.2d at 864. The question of the contemnor's ability to satisfy a judgment is a question of fact to be determined by the trial court. *Id.* at 864 (citing *Clay*, 434 S.W.2d at 652).

As an evidentiary hearing was conducted without a jury, our review proceeds pursuant to Kentucky Rules of Civil Procedure (CR) 52.01. CR 52.01 provides that "[f]indings of fact, shall not be set aside unless clearly erroneous[.]" A finding of fact is not clearly erroneous if supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 353-54 (Ky. 2003). Questions of law are reviewed *de novo. Allen v. Devine*, 178 S.W.3d 517, 524 (Ky. App. 2005).

In this case, the family court conducted a hearing on November 5, 2019, upon the Commonwealth's motion to find Durham in contempt for his failure to pay the child support arrearage. A review of the video record reveals that the court heard testimony from an employee of the county attorney, who testified Durham's child support arrearage was $2,753.74. She further testified that

-5-

Durham's two most recent payments were $40 on October 16, 2019, and $11 on March 6, 2018. Durham testified he was a drywaller by trade but had not been recently employed full time. Durham also testified that he had a gambling addiction and estimated that he had spent $3,000-$4,000 on gambling in 2019. Durham testified that the money he spent on gambling was earned by working "odd jobs." Thus, by his own admission, Durham had earned more income in 2019 than his total child support arrearage.

Based upon this evidence, the family court specifically found that Durham was capable of gainful full-time employment but chose to work only sporadically. The family court also found that Durham spent those sporadic earnings on gambling rather than paying child support. We believe the family court's findings of fact are supported by substantial evidence and, thus, the findings are not clearly erroneous. The record plainly reveals that Durham possessed the ability to pay the child support arrearage of $50 per month. Instead, Durham simply chose not to work full time and to engage in gambling activities rather than pay child support. Therefore, we do not believe the family court erred by finding Durham in contempt for failure to pay the child support arrearage of $50 per month as previously ordered.

Had the action for the child support arrearage been brought for the first time after the support obligation ended in 2010, upon the child's

emancipation, the result in this case might have been different.  This Court

addressed that very issue in *Goodman v. Goodman*, 695 S.W.2d 865, 868 (Ky.

App. 1985) (holding that the power of contempt may be used to enforce child

support orders entered during the child's minority, even after the child had reached

the age of emancipation).  In this case, the orders at issue were entered in 1999,

2001, and 2004, which the court concluded had been violated by Durham.  Based

on the evidence presented at the hearing, we find no abuse of discretion in the

court's order holding Durham in contempt.

For the foregoing reasons, the November 12, 2019, Order of the

Bullitt Circuit Court, Family Court Division, is affirmed.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR COMMONWEALTH OF KENTUCKY EX REL. CABINET FOR HEALTH AND FAMILY SERVICES: |
|---|---|
| Karen Shuff Mauer<br>Assistant Public Advocate<br>Department of Public Advocacy<br>Frankfort, Kentucky | |
| | Jeffrey L. England<br>Special Assistant Attorney General<br>Bullitt County Attorney's Office<br>Shepherdsville, Kentucky |
| | NO BRIEF FOR JODI M. BROWN. |