RENDERED: NOVEMBER 10, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1444-MR

SAMANTHA M. KARSNER (NOW
PRARIO)                                                                    APPELLANT

v.              APPEAL FROM JEFFERSON CIRCUIT COURT
                HONORABLE DERWIN L. WEBB, JUDGE
                ACTION NO. 13-CI-502342

BRIAN CHRISTOPHER KARSNER
AND JUSTIN R. KEY                                                          APPELLEES

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

ACREE, JUDGE: Appellant, Samantha Karsner, appeals the Jefferson Family

Court's September 3, 2021 order holding her in contempt of court and awarding

attorney fees to Appellee, Brian Karsner. After careful review, we conclude the

Jefferson Family Court abused its discretion by entering this order. Accordingly,

we vacate and remand for further proceedings consistent with this Opinion.

The parties had two children together but eventually separated. Domestic abuse issues resulted in Appellant obtaining an Emergency Protective Order (EPO) against Appellee. This was in response to several violent episodes. Appellee was served with the EPO in July 2013 and had no subsequent contact with his children until 2020. A Domestic Violence Order (DVO) was entered on August 26, 2013. Appellant had sole custody of the children.

In 2020, Appellee moved the family court to modify the custody arrangement. The court granted the motion and joint custody was ordered. As a part of the order, the family court ordered visitation to Appellee on Saturdays from noon to 4:00 p.m. every other weekend. Appellant opposed this visitation schedule, believing Appellee needed to participate in reunification therapy first. However, the family court did not require reunification therapy.

Appellant then filed a CR[1] 60.02 motion to vacate the joint custody award based on her claim she lacked notice of the motion and, therefore, did not respond or attend the hearing.[2] The family court ordered the issues in the motion to be mediated. Based on the record before us, the family court has not yet ruled.

---

[1] Kentucky Rules of Civil Procedure.

[2] Appellant, while she was not represented by counsel, appears to have failed to notify the court clerk of her change of address. Once she learned of the order granting joint custody and visitation, she obtained counsel who filed the motion pursuant to CR 60.02 noting the Appellee's $36,000 child support arrearage and history of violence and arguing Appellee's motion for joint custody "was based on lies, [was] procedurally improper, and [was] not supported by the law." (Appellant's brief, p. 3.)

Although there was no written agreement, Appellee alleges that from September 2020 until February 2021, Appellant agreed to informal visitation beyond the four hours every other weekend granted. Appellee claims the agreement equated roughly to alternating weekend visitation. According to Appellee, Appellant stopped this voluntary extended visitation. This prompted Appellee to move the family court for an order consistent with what he represented had been the parties' practice.

Over Appellant's objection, on March 24, 2021, the family court ordered Appellee unsupervised parenting time every other weekend starting at 6:00 p.m. Fridays until 6:00 p.m. Sundays.

When visitation did not occur consistently with this schedule, Appellee filed a motion to hold Appellant in contempt and for an award of attorney fees. A hearing on the motion took place on August 23, 2021.

Appellee testified that he moved for an order of contempt to ensure consistency that his visitation would occur. On cross-examination, he confirmed Appellant's testimony that at the drop-off site, both children refused to get out of the car and the visits did not occur. Both parties attempted to get the children to go with Appellee but those attempts usually failed. At some point, the parties successfully got the youngest child to spend the weekend with Appellee but, again, testimony shows the older child refused. Eventually, the youngest child helped

convince the older child to visit with their father. The older child's reluctance to visit with her father was based on her recollections of an episode when Appellee threw knives at Appellant.

Neither party cites to evidence in the record contradicting Appellant's testimony that she attempted to make the exchange of the children and actively participated in attempting to have her children go with Appellee. Appellant testified that she encouraged the children to have contact with Appellee but found it difficult because they were afraid of him. She recounted one instance when she had to pick up the children early from a visit because they were afraid.

Once the hearing concluded, the family court held Appellant in contempt of court and ordered her to pay $1,976.50 in attorney fees. The only finding in the order relating to the events at the exchange was as follows: "The child(ren) are not entitled to refuse visitation simply because they 'do not want to go' and [Appellant] is required to make the children available to [Appellee] at his scheduled parenting time unless some other agreement has been made between the parties." This appeal follows.

When appellate courts review a family court's decision to hold a party in contempt, the standard of review is abuse of discretion. *Lewis v. Lewis*, 875 S.W.2d 862, 864 (Ky. 1993). When a court exercises its contempt powers, it has "almost unlimited discretion in applying this power." *Smith v. City of Loyall*, 702

S.W.2d 838, 839 (Ky. App. 1986). However, "[t]he test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Sexton v. Sexton*, 125 S.W.3d 258, 272 (Ky. 2004) (footnote and citation omitted). Here, the family court's order was arbitrary and unreasonable.

The contempt alleged and which the family court concluded occurred is a civil contempt which "occurs when a party fails to comply with a court order for the benefit of the opposing party[.]" *Smith*, 702 S.W.2d at 839 (citing *Tucker v. Commonwealth*, 299 Ky. 820, 187 S.W.2d 291 (1945)). Appellee claimed and the family court found Appellant failed to follow the scheduling order that benefited Appellee; consequently, the family court found Appellant in contempt.

It is clear from the record that Appellant did not willfully violate the family court's unsupervised parenting order so as to justify a contempt order. She arrived with the children on time for Appellee's scheduled unsupervised parenting time and attempted to coax the children out of the car. Appellant also testified to actively encouraging the children to spend time with their father. Appellee cited no evidence in the record that contradicts Appellant's testimony.

Furthermore, the implication of the family court's finding is that the children simply "do not want to go" visit their father, and that their resistance was unfounded or unreasonable. Such an implication is not supported by the record.

The record indicates numerous violent incidents precipitated by Appellee and remembered by the children, or at least the older child. It was not unreasonable for the children to exhibit some degree of trepidation, even fear, of being with Appellee without Appellant also present.

The family court held that Appellant must make the children available for scheduled visits. The record to which this Court has been directed, and other portions that we have examined, do not show a failure on her part to do so. A finding that Appellant did not make the children available is not supported by the record; therefore, it is unreasonable. Appellant cannot be held in contempt merely because she did not utilize any and all means that would have been required to forcibly bring about the exchange. The family court has other options to address the children's reluctance to visit with their father, such as the therapeutic visitation previously considered.

Given the circumstances, Appellant took reasonable measures to get her children out of the car and actively tried to comply with the literal language of the scheduling order. In the end, Appellant complied with the spirit of the order. Because she did, it is unreasonable for the family court to hold her in contempt.

Because we are reversing the contempt award, we must also reverse the award of attorney fees. Pursuant to KRS[3] 403.240(4), a family court may

_____

[3] Kentucky Revised Statutes.

award attorney fees "if no reasonable cause is found for denial of visitation[.]" Here, reasonable cause existed as to why Appellee's visitations did not occur and an award under KRS 403.240(4) is improper.

For the foregoing reasons, the Jefferson Family Court's September 3, 2021 order is vacated and remanded.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Allison S. Russell
Shanna R. Ballinger
Louisville, Kentucky

BRIEF FOR APPELLEE:

Justin R. Key
Caitlin P. Kidd
Prospect, Kentucky