RENDERED: FEBRUARY 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0181-MR

TYSON L. GHOLSON                                          APPELLANT

v.             APPEAL FROM SHELBY CIRCUIT COURT
            HONORABLE S. MARIE HELLARD, JUDGE
            ACTION NO. 19-J-00107

JILLIAN G. THURMAN AND
CABINET FOR HEALTH AND
FAMILY SERVICES,
COMMONWEALTH OF KENTUCKY                        APPELLEES

OPINION
REVERSING

** ** ** ** **

BEFORE: CETRULO, DIXON, AND TAYLOR, JUDGES.

CETRULO, JUDGE: This is an appeal from a judgment of civil contempt following the determination of failure to pay child support by the appellant. The Court finds that this matter is indistinguishable from the recent Supreme Court case of *Crandell v. Cabinet for Health and Family Services*, 642 S.W.3d 686 (Ky.

2022). Therefore, we reverse the Shelby Family Court and remand for proceedings consistent with that opinion.

## FACTUAL BACKGROUND

In December of 2020, the Commonwealth established that Tyson Gholson (Tyson) was the father of A.G. and was ordered to pay child support at a monthly rate of $185 plus arrearages for the back support due and owing. Four months later, the Commonwealth filed a motion for contempt of court alleging that Tyson had not paid any of the support owed. A show cause hearing was held in June of 2021 at which Tyson testified that he had two children; was not disabled; and had just graduated from CDL training, for which his grandmother had paid. He lived with his grandmother and paid no rent or utilities. He had no money in any accounts, no vehicle, and a prior felony conviction that had just resulted in him being passed over for one prospective job. He was "in discussions" with two other potential employers, but he still needed to take a driving test with the Kentucky State Police. The trial court specifically asked Tyson what he might expect to be paid if he did obtain a job, and he responded around $500 per week.

The Commonwealth called to testify employees of the Shelby County Attorney's child support office who stated that Tyson had contacted their office several times to discuss the child support obligation, but that no payments had been received.

After this hearing, the trial court found Tyson to be in contempt and further found that he would be earning $500 per week and would have zero expenses. Thus, the court went on to state, "Tyson should be able to easily pay $1,500 over the next two months." Tyson's punishment was set at 179 days in jail with a purge amount of $3,000, plus the monthly child support of $185. Pending those payments, the jail time would be served. The "sentencing" hearing was set for August 18, 2021. This appeal was taken from the contempt order, alleging that the trial court failed to consider Tyson's present ability to pay.

On appeal, the Commonwealth has failed to file a brief. In the absence of its brief, this Court is free to accept Tyson's statement of the facts and issues as correct.[1]

## STANDARD OF REVIEW

We review contempt rulings for an abuse of discretion. However, we apply the clear error standard to the underlying findings of fact. *Commonwealth, Cabinet for Health and Family Services v. Ivy*, 353 S.W.3d 324, 332 (Ky. 2011) (citing *Lewis v Lewis*, 875 S.W.2d 862 (Ky. 1993)).

---

[1] At the time of this appellate filing, Kentucky Rules of Civil Procedure 76.12(8)(c) was in effect. "If the appellee's brief has not been filed within the time allowed, the court may: (i) accept the appellant's statement of the facts and issues as correct[.]" A nearly identical rule is now in place in the new Kentucky Rules of Appellate Procedure (RAP) effective January 1, 2023. *See* RAP 31(H)(3) ("If the appellee's brief has not been filed within the time allowed, the court may: (a) accept the appellant's statement of the facts and issues as correct[.]").

In *Ivy*, the Court outlined the approach to a civil contempt child support case and reminded the trial courts to be mindful of the present ability of the contemnor to pay and to not require one to perform an impossible task. *Id.* at 334-35.

Since the *Ivy* decision, the Kentucky Supreme Court has issued *Crandell*, *supra*, and reversed the order of the family court therein which had required future payments be met without determining that "present ability to pay." As noted, *Crandell*, rendered after the ruling of the lower court herein, requires reversal.

The contemnor in that case, as here, was a father who had failed to pay child support. The family court therein knew that Crandell was presently not working but ordered that he would have to pay the support award within one month, or be jailed for 20 days. *Crandell*, 642 S.W.3d at 689. While the Court upheld the finding of contempt, it remanded the case for a finding of an appropriate purge amount based upon present ability to pay. *Id.* at 692. Similarly, we uphold the finding of contempt on the part of Tyson but remand for an appropriate purge amount based upon Tyson's present ability to pay.

The lower court herein knew that Tyson was not currently working. While he expressed optimism that he might get a job in the future, and candidly testified of wages he hoped to earn, he also made it clear to the court that he did

not yet have a job. He had not yet even taken the driving test to become certified to operate as a CDL driver. He did not have a personal vehicle. He was given a total of two months to complete and pass the test; receive the needed certificate from the State Police; find a job; and be paid over $3,370 from an employer which he would have to then pay in support, or be incarcerated for 179 days. Both Tyson and his attorney advised the court that he had only applied for jobs and did not have one yet, but the limited written findings of the court stated "has job-$500 per week." The oral record itself reflects that the court did understand that the job was not yet in place, as the Court stated "it looks as if you will be making $500 a week." While Tyson then spoke up and reminded the court that he had not yet been offered a position and had not yet taken the test to become certified, the court stated, "I have made my decision." The matter was set for sentencing in less than two months, and this appeal followed.

We can only conclude, as the Court did in *Crandell*, that this contempt order compelled the doing of an impossible act. *Crandell*, 642 S.W.3d at 692. *See also Nienaber v. Commonwealth*, 594 S.W.3d 232, 235 (Ky. App. 2020). We are certainly cognizant of the difficulties faced by family courts in compelling the payment of needed support for children, but the law requires that the contemnor must have the ability to purge themselves of the contempt at the time the sanction is imposed. *Ivy*, 353 S.W.3d at 334-35. Hopefully, Tyson's optimism for his

-5-

future employment opportunities has now come into fruition, but there simply was no evidence of present ability to pay at the time of this order.

Accordingly, we reverse and remand this matter for further findings consistent with this Opinion and the decision in *Crandell*.

ALL CONCUR.

BRIEF FOR APPELLANT:          NO BRIEF FOR APPELLEES.

Sarah D. Dailey
Frankfort, Kentucky