RENDERED:  FEBRUARY 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0730-MR

ANTONIO CARTER                                                          APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
FAMILY COURT DIVISION
HONORABLE SHELLEY M. SANTRY, JUDGE
ACTION NO. 10-CI-501119

SHACORRHA CARTER                                                        APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, MCNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Antonio Carter brings this appeal from a May 17, 2021, Order

of the Jefferson Circuit Court, Family Court Division, sentencing him to a total of

180-days' incarceration (30 days for each of six counts of civil contempt) for

failure to make timely child support payments.  We vacate and remand.

Antonio and Shacorrha Carter were married on October 24, 2004. The parties had one child in common, a daughter born on July 2, 2003. On March 26, 2010, Shacorrha, *pro se*, filed a petition for dissolution of marriage in the family court. Pursuant to a Marital Settlement Agreement, also filed on March 26, 2010, Antonio agreed to pay $450 per month in child support. The parties were subsequently divorced by Decree of Dissolution of Marriage (Decree) entered in the family court on February 4, 2011. The Marital Settlement Agreement was incorporated into the Decree.

On October 13, 2020, Shacorrha filed a motion seeking to have Antonio held in contempt for his failure to pay child support. A hearing on the motion was held on November 12, 2020. Antonio did not appear. By Order entered December 16, 2020, the family court found that Antonio had a child support arrearage of $3,420 and found him "**GUILTY** of six (6) counts of Civil Contempt, for violating the parties' Marital Settlement Agreement." December 16, 2020, Order at 1. The December 16, 2020, Order reserved sentencing for a future date. Then, by Order entered April 12, 2021, the family court ordered that Antonio could purge himself of the contempt by paying $3,420 or Antonio could pay $450 per month between entry of the order and sentencing to have his sentence conditionally discharged.

The matter came before the family court for sentencing on May 14, 2021.  Antonio and Shacorrha both appeared before the court via Zoom.  The family court appointed counsel to represent Antonio and again reserved sentencing until a later date.  By Order entered May 17, 2021, Antonio was sentenced as follows:

> **IT IS HEREBY ORDERED** that [Antonio] is sentenced to thirty (30) days for each of the six (6) counts of Civil Contempt to be served consecutively with each other for a total Sentence of 180 days and that Sentence is Conditionally Discharged for a period of two (2) years subject to [Antonio] continuing to make timely child support payments of $450.00 per month.  These payments shall be made by the last day of each month.

May 17, 2021, Order at 1.  This appeal follows.[1]

Antonio contends that the family court erred by finding him in civil contempt for failure to pay child support without considering his current circumstances and ability to pay.  In other words, Antonio asserts that the family court erred by using civil contempt to coerce an impossible act.

It is well-established that the family court has the authority to utilize contempt proceedings to enforce its orders.  *Lewis v. Lewis*, 875 S.W.2d 862, 864 (Ky. 1993).  It is also recognized, however, that "[t]he power of contempt cannot

---

[1] Shacorrha Carter failed to file an appellee brief in this case.  Accordingly, pursuant to Kentucky Rules of Civil Procedure 76.12(8)(c) (now Kentucky Rules of Appellate Procedure 31(H)(3)), we have accepted appellant's statement of the facts and issues as correct, subject to our independent review of the record on appeal.

be used to compel the doing of an impossible act." *Lewis*, 875 S.W.2d at 864 (citation omitted); *Crandell v. Cabinet for Health and Family Servs. ex rel. Dilke*, 642 S.W.3d 686, 689 (Ky. 2022). The ability of a contemnor to satisfy a judgment is a question of fact for the trial judge. *Id.* Moreover, the trial court must make a finding of fact regarding the contemnor's ability to satisfy the judgment before it can order incarceration for failure to pay child support. *Id.*

This Court recognizes that family courts are routinely faced with the daunting task of addressing situations that involve delinquent child support obligations. While mindful of the seriousness of this problem, we also believe it mandatory that the family court conduct an evidentiary hearing and make a finding of fact regarding the contemnor's ability to pay. It should be noted, however, that "[n]othing in this opinion should be construed as limiting the use of imprisonment as a legitimate tool for the enforcement of child support orders." *Lewis*, 875 S.W.2d at 864.

In the case *sub judice*, the family court conducted a hearing on November 12, 2020. Antonio did not appear for the hearing, but the family court heard testimony from Shacorrha regarding the amount of child support Antonio had paid and the amount outstanding. Shacorrha testified that pursuant to the February 4, 2011, Decree, Antonio was ordered to pay child support of $450 per

month. Shacorrha further testified that of the $4,500 due over the previous ten months, Antonio had paid only $1,080.

As noted, a sentencing hearing was conducted via Zoom on May 14, 2021. Although Antonio appeared at the hearing with counsel, the family court failed to make any finding of fact regarding Antonio's ability to pay the purge amount. Without making a finding of fact regarding Antonio's ability to pay, the family court failed to determine whether Antonio possessed the ability to comply with its contempt order. *See Lewis*, 875 S.W.2d 862; *see also Crandell*, 642 S.W.3d at 689-90. Hence, we vacate the May 17, 2021, Order imposing the 180-day sentence and remand for the family court to make specific findings of fact regarding whether Antonio possesses the ability to pay.

Antonio also asserts that the family court erred by failing to give him adequate notice of the contempt proceedings. More particularly, Antonio acknowledges that he received actual notice of the November 12, 2020, hearing but asserts he was not informed of the proper procedure for appearing virtually due to the COVID-19 pandemic. As we have vacated and remanded the family court's May 17, 2021, Order sentencing Antonio to 180-days' incarceration for contempt, the issue of notice is rendered moot.

For the foregoing reasons, the May 17, 2021, Order of the Jefferson Circuit Court, Family Court Division, is vacated and remanded for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:                NO BRIEF FOR APPELLEE.

Catherine L. Vining
Louisville, Kentucky