## Gordon v. Commonwealth.

Gordon v. Commonwealth.

(Decided January 6, 1911.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

Contempt of Court—Misdemeanor—Limitation of Prosecution.—A prosecution for contempt of court is a misdemeanor, and under Sec. 138 Ky. Statutes a proceeding to recover a penalty therefor is limited to one year after the right to the penalty accrued.

W. W. CRAWFORD for appellant.

JAS. BREATHITT, Attorney General, T. B. BLAKEY. Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

Hugh Gordon was brought before the Judge of the First Division of the Common Pleas Court of Jefferson county to answer for contempt committed under the following circumstances: On October 6, 1910, he was called to testify in the said court in the case of Eddleman v. Louisville Railway Co., and while upon the witness stand testified in substance that certain testimony which he had given in said court on May 7, 1909, in the case of Hord's Admr. v. Louisville Railway Co., was false in every particular, and that, as a matter of fact, he was not present at the time of the accident out of which the suit grew, and knew nothing about it. He stated that he was induced to so testify by one J. S. Minor, the owner of the automobile which was hit by the car and in which the injured people were, and that he had given this testimony under a promise on the part of the said Minor that he would not have to be sworn; that in furtherance of that plan and arrangement with Minor the testimony which he should give was prepared for him by Minor; that he was kept out of the court house until after the other witnesses were sworn, and was then brought in and out on the stand and testified without being sworn.

Following this disclosure the Judge of the Division of the Circuit Court in which the Eddleman case was tried issued an attachment for Gordon, returnable October 10, 1910, in which he required the witness to appear and show cause why he should not be punished for contempt. Upon being brought into court he informed

the court that he was without friends or money with which to employ counsel, and the court appointed William W. Crawford to defend him. Thereafter the County attorney filed an affidavit setting up the facts, and this affidavit was used as the basis of the prosecution.. To this affidavit or statement of facts a general demurrer was filed by the defendant. He also pleaded the statute of limitations, as more than one year had elapsed between the date of the commission of the acts which were made the basis of the contempt proceedings and the date upon which he was cited to appear and answer therefor. Both his demurrer and plea were overruled; whereupon the defendant admitted the facts as charged in the affidavit. A jury was impaneled to fix the punishment, and, under proper instructions from the court, found the defendant guilty, and fixed his punishment at six months imprisonment in the county jail.

The sole question raised upon this appeal is, whether or not the prosecution was barred by the statute of limitations, it being admitted that the acts of the defendant which formed the basis for the prosecution were committed on May 7, 1909, and the defendant not proceeded against until October 10, 1910, or more than one year and five months after the acts were committed.

In the case of French v. Commonwealth, 30 Rep. 98, this court had under consideration an appeal from a judgment of the Clark Circuit Court, punishing the appellant, French, for contempt, and, after reviewing all of the authorities upon this question in this State, the extent to which this court would entertain appeals from judgments in contempt cases was thus summarized:

"We think, therefore, that the rule prevailing in this State permits us to entertain the appeal in the case at bar, not for the purpose of re-trying the question of whether appellant is, or is not guilty, of the contempt charged, but to determine whether the punishment declared by the judgment complained of was illegally imposed and whether such punishment is excessive as claimed."

In the case at bar there is no question but what the defendant was guilty of such misconduct on May 7, 1909, according to his own admission, as warranted the punishment imposed by the jury; and his counsel, acting without pay or reward of any kind, simply in an effort to discharge a duty imposed upon him by the court, in

no wise seeks to have the judgment imposing that punishment inquired into if the court shall be of opinion that it was legally imposed. We are asked to pass upon the question as to whether or not the Commonwealth, by reason of the lapse of time, had not lost its right to punish the defendant at all for the offense. Clearly, if the twelve months statute of limitations applies to contempt proceedings as to other misdemeanors, the court erred in refusing to sustain this plea, and it could not be said that the punishment imposed under such circumstances would be legal.

All violations of law are by legislative enactment divided into two classes, felonies and misdemeanors. Such offenses as are punishable with death or confinement in the penitentiary are classed as felonies; all other offenses, whether at common law or such as were made so by statute, are misdemeanors. Kentucky Statutes, 1127. Under subdivision 6 of chapter 36, Kentucky Statutes, which deals with the subject of crimes and punishments, contempts are classified as misdemeanors. Contempts are either civil or criminal. To the first class belong those which consist in the failure of one to do something under order of court for the benefit of a party litigant; and to the second class belong those which consist of conduct on the part of one which amounts to an obstruction of justice and which tends to bring the court into disrepute. This classification was expressly recognized by the Superior Court in the case of Wages v. Commonwealth, 13 Rep. 925, and was later adopted by this court in the case of French v. Commonwealth, 30 Rep. 98. The contempt with which we are dealing clearly falls within the class denominated criminal.

Sec 1138, Kentucky Statutes, provides that prosecutions by the Commonwealth for felony, unless otherwise especially provided, shall not be barred by lapse of time or any law of limitations. Prosecutions by the Commonwealth to recover a penalty for the violation of any penal statute or law and an action or procedure at the instance of any person to recover any such penalty shall be commenced within one year after the right to such penalty accrued, and not thereafter, unless a different time is allowed by the law imposing the penalty. The offense being a misdemeanor and the punishment therefor being regulated by statute, it is most earnestly insisted by counsel for appellant that this is a prosecution by the

Commonwealth to recover a penalty within the meaning of Sec. 1138, referred to, and that therefore the twelve months limitation applies. The proceeding is a prosecution by the Commonwealth to convict appellant of a misdemeanor and to punish him by a fine or imprisonment, or both, and there is much force in the contention of counsel that the statute of limitations, made and provided for misdemeanors in general, applies with equal force to contempts like that with which we are dealing. Whether the punishment is a fine or imprisonment, or both, the proceedings are not distinguishable from those in other misdemeanor cases where fines are recovered or imprisonment imposed. In each case the prosecution runs in the name of the Commonwealth. The defendant is permitted to plead to the charge and make such defense as he can, and in each, under statutory provisions, subject to exceptions in minor cases the defendant is entitled to a jury trial. Fines recovered in contempt cases are paid into the public treasury just as they are when imposed in other misdemeanor cases. The punishment in each case is imposed because a wrong has been done— the law has been violated. If one who has disturbed the public peace and quiet, or has been guilty of maintaining a public nuisance, may not be punished under prosecution begun after the lapse of twelve months from the date upon which the offense was committed, why should not one guilty of contempt of court be entitled to the benefit of the same law? No reason is assigned in the brief for the Commonwealth why this statute should not be applied. The question has not heretofore been passed upon by this court. But the Supreme Court of Illinois in the case of Beattie v. People, 33 Ill. App. 651, had under consideration an appeal in which the same point was raised, to-wit, that the prosecution was barred by the lapse of time. While the statute of limitations as to misdemeanors in Illinois is not in all respects similar to the statute in Kentucky, still the reasoning of the court in passing upon the question is both interesting and instructive. The complainant in the contempt proceedings was charged with having procured false testimony in a divorce proceeding, and also with having delivered to his client what purported to be a copy of a decree of divorce before same had been granted. These acts were charged to have been committed prior to and on the 27th day of May, 1887. In February, 1889, a suit was instituted in

the court in which the decree of divorce had been entered seeking to annul and set aside the decree on the ground that it had been procured through fraud. In this suit it was charged that the evidence was perjured and that the complainant Beattie had procured it to be given. A rule was thereupon issued against Beattie, requiring him to show cause why he should not be proceeded against for contempt. To this rule he responded, and upon the hearing was adjudged guilty and sentenced to pay a fine of $500 and imprisonment in the county jail for one year. The defense interposed in the trial court was that the proceeding was barred by the statute of limitations. The statute relied upon is as follows:

"All prosecutions, by indictment or otherwise, for misdemeanor, or for any fine or forfeiture under any penal statute, shall be commenced within one year and six months from the time of committing the offense, or incurring the fine or forfeiture, except as otherwise provided by law."

By the Illinois statute violations of law are divided into two classes, felonies and misdemeanors. A felony is defined to be "an offense punishable with death, or by imprisonment in the penitentiary." "Every other offense is a misdemeanor." In reviewing the case, the court said:

"An attorney who procures false evidence, knowing it to be false, with the intention of deceiving the court and thus interfering with the due administration of justice, is not only guilty of contempt of court, but of subornation of perjury, a felony punishable by imprisonment in the penitentiary not less than one year nor more than fourteen years. Sec. 225, Chap. 38, R. S. The punishment of contempt fixes its character as a misdemeanor, as the penalty may be either by fine or confinement in jail, or both. Lamkin v. The People, 94 Ill. 501.

"No doubt can be entertained that the prosecution of the felony (subornation of perjury) may be barred in three years, but the State contends that the minor offense (contempt of court) may be punished whenever the machinery of the law is set in motion. And the sentence of the Superior Court proceeded upon the theory that the limitation is only applicable to misdemeanors prohibited by statute, and as there is no prohibitory statute for this class of contempts, the offender is exposed to punishment without limit as to time of instituting the proceedings. If this peculiar intent is to be attributed

to the Legislature, it must be made very plain from the language of the statute. That there is any good reason for greater lenity in dealing with offenses prohibited by statute than those governed by common law, has not been suggested. The more flagrant the offense, the more natural it is that the Legislature should attempt to repress it by express statute, and the more remote the probability that to such cases a special and discriminating favor should be extended. It cannot be supposed that the law intended relief and immunity, after the lapse of a year and six months, for all misdemeanors prohibited by statute, while offenses of the same class recognized by common law only, are exposed to prosecution at any time during the life of the offender.

"The fact that the contempt charged against Beattie is one of the gravest character, cannot affect the application of the rule. If the bar of the statute is denied here, it must be denied to all classes of misdemeanor, however trivial, which have escaped the denunciation of statute law."

After discussing other phases of the case, the court proceeded to hold the plea of the bar of the statute of limitations good.

The similarity between that case and the case under consideration is striking. In each the free administration of justice had been interfered with, and in each this fact had not been discovered until after the statute of limitations had run. The prosecution of each was commenced after the expiration of the time within which, under the statute, it might have been begun.

In our opinion the right of the State to proceed against appellant for contempt had expired before the prosecution was commenced, and the plea of the statute should have been sustained.

Judgment reversed and cause remanded for further proceedings consistent herewith.