## TERRELL v. TERRELL.

Court of Appeals of Kentucky.

May 18, 1951.

Glenn W. Denham, Elizabeth Gillis, Williamsburg, for appellant.

J. J. Tye, Barbourville, R. L. Brown, Williamsburg, for appellee.

SIMS, Justice.

On Jan. 24, 1941, the Whitley Circuit Court granted a divorce to Leland L. Terrell. The judgment recites the parties had reached an agreement as to their property rights and decreed the husband would convey to Martha L. Terrell their home and all furnishings except the husband's personal effects. This paragraph appears in V. R. Bentley, Pikeville, J. W. Mc- the judgment.

"The plaintiff will pay to the defendant in lieu of claim for dower, alimony, support and maintenance the sum of One-hundred-twenty-five ($125.00) dollars per month, so long as defendant remains his un-married widow, but in the event she should remarry, then this payment shall cease."

Mrs. Terrell has never remarried but her former husband, who is a doctor, married his office girl within a month after divorcing appellant. Dr. Terrell got $9800 behind in his monthly payments and on Jan. 10, 1949, appellant filed a motion, supported by her affidavit, asking a rule against him to show cause why he should not be punished. for contempt. His response to the motion averred that the home conveyed appellant was worth $20,800; that there was a debt against it of $3000 at the time of the conveyance, which he assumed and paid; that the furnishings in the house were worth $3000; that he is a diabetic, 59 years of age, unable to do much practice

and is compelled to give his second wife, who is a practical nurse, one-half of the income of his office for her assistance in his work; therefore, he was unable to meet the monthly payments due his first wife. However, he testified he raised $10,000 by selling some property, borrowing on his life insurance and from relatives and friends and settled with his first wife by paying all sums he was in arrears to her up to Aug. 1, 1949. Thereupon, judgment was entered dismissing this first rule.

On Sept. 20, 1950, appellant again moved for a rule against appellee to show cause why he should not be punished for contempt in failing to pay her $125 per month from Aug. 1, 1949, or $1625. This motion was supported by her affidavit that she had been paid nothing since Aug. 1, 1949. Appellee's response, after setting out the facts contained in his response to the first rule, stated his diabetic. condition had grown worse; that he is older and the returns from his practice net him only a little over $1000 annually; that he now owes better than $6000 on the sums borrowed to make the $10,000 payment to appellant in July 1949, and it is impossible for him to meet the payments now due.

A demurrer was sustained to the first eight paragraphs of the response, which set out his former payments to appellant, and it was overruled as to the last six paragraphs dealing with his present condition of health and earning capacity. The last six paragraphs of the response were controverted of record.

Considerable proof was taken and the special judge who heard the case denied the rule on the ground that appellee had paid his first wife $10,000 in July 1949, and to make that payment he was compelled to sell practically all of his property and to borrow money to raise the balance; and due to his bad health and small earnings he was not able to pay the $1625 then due. The first wife appeals.

Dr. Terrell's proof shows that he was paying his present wife $15 a week when he married her within a month after divorcing his first wife; that by extra work she raised her earnings to about $100 a

month; that she had property not in excess of $1000 at the time they were married; that due to his bad health he agreed to give his present wife one-half of the income from his office practice in consideration of her assistance, without which he could have done but little practice.

The second wife seems to have done quite well under this arrangement. She acquired a house and lot in Corbin in April 1942, which brought $4800 shortly thereafter when she and the doctor moved to Tennessee, where they bought a $10,000 home upon which he paid $2000 and she $8000. Then in 1944 they bought an Oldham County farm for $16,000, of which she paid one-half in cash. The record shows the second wife was worth some $22,000 when this hearing was had, while the doctor was considerably in debt and owned practically nothing except $17,500 life insurance taken out 21 or 22 years ago, upon which he had borrowed approximately the amount of its cash surrender value.

There can be no doubt that Dr. Terrell's health is seriously impaired by diabetes which considerably reduces the volume of his practice. An audit reveals that for the year Aug. 1, 1949, to July 31, 1950, the receipts from his office practice were $8763.50, against which there were disbursements of $7999.90, leaving him a net of $763.60; and his total net income for the year was $1040.60. It is apparent from the record in this case that Dr. Terrell has diverted the greater part of his earnings to the second wife; otherwise, he would not have expended $7999.90 in an office practice which produced $8763.50.

██ Dr. Terrell's failure to make the alimony payments provided in the divorce judgment is prima facie evidence of contempt and the burden is on him to show his inability, which is a question of fact to be determined from the proof. Roper v. Roper, 242 Ky. 658, 47 S.W.2d 517. He failed to meet this burden. True, his health is bad and this fact has impaired his earnings. But this record convinces us that Dr. Terrell has systematically channeled the greater part of his earnings into the purse of his second wife in the vain hope of escaping the monthly payments the judgment

provided he would make his first wife. He cannot defeat his responsibility to his first wife by voluntarily impoverishing himself by giving most of the income from his office to his present wife under the guise that she is earning it as a practical nurse in aiding him to conduct his medical practice. Honaker v. Honaker, 267 Ky. 129, 101 S.W.2d 679, 684. The Roper and Honaker opinions thoroughly discuss the subject now before us and instead of going fully into it here, we refer the reader to those opinions and authorities therein cited.

Dr. Terrell puts much reliance in Rudd v. Rudd, 184 Ky. 400, 214 S.W. 791, which holds that the chancellor will not grant the process of contempt to require the doing of an impossible thing. This is the correct rule, but here the contemnor is able to meet the monthly payments to his first wife by cutting down on his great generosity to the present Mrs. Terrell.

The judgment is reversed and the case remanded for proceedings consistent with this opinion.