**James Lloyd CLAY, Petitioner,**

v.

**John J. WINN, Special Judge, Respondent.**

Court of Appeals of Kentucky.

Nov. 22, 1968.

Leer Buckley, Lexington, for appellant.

Stanley R. Hogg, Ashland, for appellee.

OSBORNE, Judge.

This is an application by Petitioner, James Lloyd Clay, for a Writ of Prohibition against John J. Winn, special judge of the Fayette Circuit Court. The matters giving rise to the application are somewhat involved and tortuous.

Some years ago, Petitioner and his wife were divorced in the Fayette Circuit Court. At the time of the divorce all claims for alimony were satisfied and Petitioner was required by the Court to make periodic payments for the support of two infant children. Petitioner became delinquent in these payments over a period of time and the question of his delinquency was litigated and the final judgment rendered. The judgment therein was affirmed by this court in Clay v. Clay, Ky., 424 S.W.2d 583. It was determined in that action that Petitioner was indebted to his wife in the amount of $6,388.92. Shortly following our decision in affirming that action, Petitioner's wife filed an application for a rule in the Fayette Circuit Court to cause Petitioner to show why he should not be held in contempt of court for failure to satisfy the judgment.

On April 6, 1968, the circuit court entered the following order:

"This cause, having come on for hearing on plaintiff's motion and rule requiring defendant to show cause for not complying with the orders of the Court relative to the payment of $6,388.92, plus interest to plaintiff, and the Court, having heard the response of defendant, and being now sufficiently advised, orders and adjudges that defendant shall have until May 1, 1968 to complete his response by affidavit after which time the Court will rule on the motion to make the rule absolute.

Dated this 6 day of April, 1968."

On April 25, 1968, the court entered another order making the rule absolute adjudging Petitioner to be in contempt and committing him to the Fayette County jail until such time as he purged himself of contempt by paying the amount of the judgment.

On May 1, 1968, Petitioner filed his response with the Fayette Circuit Court in which he alleged inability to satisfy the judgment because of insolvency. On May

1, 1968, Petitioner was confined in the Fayette County jail. He then petitioned the county judge for a release as an insolvent debtor under KRS 426.400 and was released on May 7, 1968.

On May 29, his wife, Dorothy Davis Clay, filed a petition with the Fayette Circuit Court requesting that he be reincarcerated and held until such time as he satisfied the judgment and that all magistrates in Fayette County be enjoined from releasing him or in any manner discharging him under the order.

Hearing was held upon this motion before Respondent as special judge of the Fayette Circuit Court. On July 26, 1968, Respondent entered an order finding Petitioner's discharge under KRS 426.400 illegal. However, Respondent concluded the order by stating that, if the ruling therein was improper, irrevocable injury would result to the Petitioner because of his imprisonment and suggested that application should be made to this court for injunctive relief so that a final adjudication of the matter could be had prior to any further incarceration of the defendant.

The questions herein presented could and probably should have been presented to this court by way of an appeal rather than a Writ of Prohibition. See Levisa Stone Corporation v. Hays, Ky., 429 S.W.2d 413, which was decided by this court on June 14, 1968. However, since that case had not been decided at the time the trial court rendered its judgment outlining the procedure to be followed herein and in order to bring this matter to a proper conclusion as rapidly as possible, we are treating the petition as an appeal and passing upon all questions presented by the record.

We are dealing here with several rules of law, some of which may or may not have been complied with in this proceeding. Therefore, we deem it advisable to set out the law which we believe to be applicable to the above situation and to remand this case for further proceeding in order to protect the rights of the Petitioner and the integrity of the judicial processes.

First, we believe the trial judge was correct in holding that the release of Petitioner under the insolvent debtor's act in KRS 426.400 was illegal. We have so held and the law is clearly stated in Boden v. McCoy, Ky., 278 S.W.2d 68. There should be no further difficulty upon this point. Our examination of the record reveals that the order of the Fayette Circuit Court entered on April 6, 1968, gave the Respondent until May 1, 1968, to complete his response. We note that the response alleging insolvency was filed on May 1, 1968, but that the court on April 25, 1968, prior to the filing of the response, had already adjudged Petitioner in contempt and committed him to jail. Inability of a debtor to satisfy a judgment is a fact to be determined by the trial court. Terrell v. Terrell, Ky., 239 S.W.2d 975; Roper v. Roper, 242 Ky. 658, 47 S.W.2d 517. A chancellor should not use the penalty of contempt to compel the doing of an impossible act. Rudd v. Rudd, 184 Ky. 400, 214 S.W. 791.

In view of the foregoing cases, it is apparent that if Petitioner was financially unable to satisfy the judgment at the time he was adjudged in contempt this would constitute a valid defense. Since it appears from the record that the trial judge entered the contempt order before the response was filed, we are unable to ascertain how a finding could have been made upon the response. Therefore, this case is remanded to the Fayette Circuit Court for the purpose of determining whether Respondent was financially able to satisfy the judgment or any part thereof. If he is unable to pay the entire amount then the trial court may properly determine if he is able to pay any portion thereof at the present time. After a proper determination of his ability to pay is made it should be clearly set forth in a finding of fact. Thereafter all contempt orders should be limited in their coverage to those amounts which the court has previously

found are within the ability of the Petitioner to satisfy. The court may properly, in its discretion, if it finds Petitioner unable to satisfy the entire judgment at this time, order payments made on same over a period of time, which are within the ability of the Petitioner to satisfy.

The Petition for Writ of Prohibition is allowed and no further action will be taken to recommit Petitioner to jail until such time as the procedures outlined herein are followed. Nothing herein shall preclude the wife from pursuing the normal remedies for satisfying the judgment including attachment and execution.

Prohibition granted.

All concur.