LAMBERT, D. JUDGE:
This is an appeal from a Fayette Circuit Court order holding Michael Sidebottom (hereafter, Sidebottom), in contempt. Sidebottom settled a dispute with Watershed Equine, LLC, (hereafter, Watershed), wherein he agreed to pay $18,000, plus post-judgment interest. When Sidebottom failed to pay, Watershed sought post-judgment discovery regarding the amount owed. When Sidebottom did not attend a scheduled deposition, the circuit court held him in contempt. Sidebottom was given thirty days to pay the entire amount owed to Watershed in lieu of immediate remand. After review, we vacate and remand for a new hearing.
I. BACKGROUND
In April 2015, Sidebottom and Watershed settled a civil dispute arising from unpaid horse boarding fees. By the terms of the settlement, Sidebottom agreed to pay Watershed $18,000, plus post-judgment interest. The settlement also included an agreed payment plan.
Despite the payment plan, Sidebottom failed to pay the full amount owed. In fact, he only tendered $1,046 of the $18,000 total. Watershed subsequently sought discovery regarding Sidebottom's ability to pay the debt. Watershed's counsel emailed Sidebottom on November 5, 2016, regarding a deposition to be taken later that month. Moreover, Watershed served Sidebottom with a subpoena on November 9, 2015, notifying him that his deposition would be taken on November 24, 2015.
These notifications notwithstanding, Sidebottom did not attend the scheduled deposition. Instead, he sent Watershed an email reply on November 23, 2016, explaining his unavailability. Watershed filed a show cause motion with the circuit court, and a hearing was held on that motion.
During the hearing, Sidebottom testified as to his financial situation and his assets. He also admitted his failure to make payments in accordance with the payment schedule outlined in the settlement agreement. The circuit court orally determined Sidebottom had sufficient assets to pay the amount of the original settlement. There was also an oral finding that Sidebottom could pay the respective fees and costs for Watershed to bring the show cause motion. The circuit court entered a written order finding Sidebottom in contempt of court, but allowed him to avoid imprisonment if he paid $22,013.12, the total amount owed, within thirty days. This appeal followed.
II. STANDARD OF REVIEW
A trial court has broad discretion to find individuals in contempt when they willfully disobey or openly disrespect the rules or orders of a court. Crowder v. Rearden , 296 S.W.3d 445, 450 (Ky. App. 2009). Appellate courts therefore review a finding of contempt under the abuse of discretion standard, which means the order must be reasonable and legally sound. Id. As for a contemnor's ability to satisfy a judgment, and thereby purge a contempt amount, this is a finding of fact to be made by the trial court. Clay v. Winn , 434 S.W.2d 650, 654 (Ky. 1968). Trial court factual findings are reviewed on appeal for clear error. Com., Cabinet for Health and Family Servs. v. Ivy , 353 S.W.3d 324, 332 (Ky. 2011). In other words, the findings will not be disturbed if supported by substantial evidence.
*334 Owens-Corning Fiberglas Corp. v. Golightly , 976 S.W.2d 409, 414 (Ky. 1998).
III. DISCUSSION
On appeal, Sidebottom alleges numerous errors by the circuit court. He starts by claiming he was wrongly held in contempt for failing to attend the deposition. He then claims his constitutional rights were violated because he faced incarceration for failing to pay a debt. For the following reasons, we agree.
Our law recognizes both civil and criminal contempt. Civil contempt occurs when one fails to comply with a court order. Criminal contempt, on the other hand, occurs when one engages in conduct that "tends to bring the court into disrepute." Commonwealth v. Burge , 947 S.W.2d 805, 808 (Ky. 1996) (quoting Gordon v. Commonwealth , 141 Ky. 461, 133 S.W. 206, 208 (1911) ). "If the court's purpose is to punish, the sanction is criminal contempt." Id. However, if the purpose is merely to coerce, in that the contemnor "carr[ies] the keys of [his] prison in [his] own pockets," then the contempt is civil. Campbell v. Schroering , 763 S.W.2d 145, 148 (Ky. App. 1988) (quoting Shillitani v. United States , 384 U.S. 364, 368, 86 S.Ct. 1531, 1534, 16 L.Ed.2d 622 (1966) ). The contemnor's ability to pay must be properly found and "clearly set forth in a finding of fact." Blakeman v. Schneider , 864 S.W.2d 903, 906 (Ky. 1993). Moreover, if the court finds the contemnor unable to purge the contempt with one payment, it may authorize periodic payments. Id.
Here, the circuit court's order suffers from an important deficiency, as its language muddles whether the contempt was merely coercive, rather than punitive. A court speaks only through its written orders, see Kindred Nursing Centers Ltd. Partnership v. Sloan , 329 S.W.3d 347, 349 (Ky. App. 2010), and here, the circuit court did not include a clear written finding as to Sidebottom's ability to pay the judgment. Without a proper finding on this issue, this Court cannot adequately address whether Sidebottom, in fact, possessed a key to his own prison.
Further, the trial court's order requiring Sidebottom to either pay a money judgment balance or be placed in jail is a violation of § 18 of the Kentucky Constitution. Section 18 mandates that "[t]he person of a debtor, where there is not strong presumption of fraud, shall not be continued in prison after delivering up his estate for the benefit of his creditors in such manner as shall be prescribed by law." This provision restricts imprisonment for a debt owed[1] in order to prevent the resurgence of debtor prisons. That is exactly what the circuit court did in this case, as there was no legal basis for its actions perpetrated under the guise of contempt.
Sidebottom's violation was failing to appear for a post-judgment deposition, a discovery abuse. Therefore, a proper sanction would have been one authorized under Kentucky Rule of Civil Procedure (hereafter, CR) 37. That rule allows a court to enforce any just sanction against party who has failed to appear at a deposition after receiving proper notice. CR 37.04. Of course, this would include holding a party that has refused to be deposed in contempt until they comply. But that is not what happened in this case. Sidebottom did not appear because of a scheduling conflict of which he made Watershed aware. There is simply no legal authority that would allow the circuit court to impose an arbitrary time limit to pay a judgment or face immediate imprisonment. In fact, the Kentucky Supreme Court specifically distinguished *335 legal actions and the use of contempt to collect money judgments in Rudd v. Rudd :[2]
The statutes ... govern the authority to imprison for debt. Two writs are provided for the collection of judgments in personam, for money, at law.... [T]he chancellor will not exercise the power of enforcing a judgment in personam for money, where it is for the recovery of a mere debt ... by the process of contempt, but will relegate the parties to the usual processes of execution, except the circumstances be exceptional, as where one has obtained the other's money or property by fraud, and has it in possession and is attempting to depart from the state.
Id. at 795.
Thus, the proper way to enforce money judgments in this commonwealth is entirely statutory. Kentucky Revised Statutes Chapters 425 and 426 provide for garnishments, attachments, judgment liens, foreclosures, and other judgment collection procedures. These statutes work in conjunction with others such as CR 69,[3] CR 70,[4] and CR 71[5] to provide specific statutory mandates. Therefore, the circuit court's decision to completely sidestep those statutes was neither reasonable nor legally sound.
IV. CONCLUSION
After reviewing the record, we find that the trial court did not make sufficient findings regarding Sidebottom's ability to pay the judgment against him. We further find that its decision to force him to pay the full judgment amount within an arbitrary time period or face imprisonment was an abuse of its discretion. Accordingly, we vacate the Fayette Circuit Court's order and remand for a new hearing in accordance with this opinion.
ALL CONCUR.

Blanton v. Commonwealth , 562 S.W.2d 90, 94 (Ky. App. 1978).

184 Ky. 400, 214 S.W. 791 (1919) (citations omitted).

Provisional Remedies and Enforcement of Judgments.

Judgment for Specific Acts.

Process in Behalf of and Against Persons Not Parties.