RENDERED: JULY 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1925-MR

JAMES E. DURHAM                                    APPELLANT

ON REMAND FROM SUPREME COURT OF KENTUCKY
NO. 2022-SC-0033-D

                   APPEAL FROM BULLITT CIRCUIT COURT
v.                           FAMILY COURT DIVISION
               HONORABLE MONICA K. MEREDITH, JUDGE
                    ACTION NO. 92-J-00083

COMMONWEALTH OF KENTUCKY
EX REL. CABINET FOR HEALTH
AND FAMILY SERVICES; AND JODI
M. BROWN                                   APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

TAYLOR, JUDGE: This matter is before the Court of Appeals on remand from

the Kentucky Supreme Court by Opinion and Order entered June 8, 2022, in

Appeal No. 2022-SC-0033-D.  The Supreme Court vacated and remanded this Court's November 19, 2021, Opinion for further consideration in light of *Crandell v. Cabinet for Health and Family Services ex rel. Dilke*, 642 S.W.3d 686 (Ky. 2022).

Having reviewed *Crandell*, we believe the instant appeal is distinguishable from *Crandell*.  In *Crandell*, the family court made a finding that Crandell had the present ability to pay and then imposed punishment for possible future contempt by Crandell.  In the case *sub judice*, the family court, likewise, found that Durham had the present ability to pay, but there was no attempt to punish him for future contemptuous conduct.  Thus, upon reconsideration, we affirm the family court's order holding Durham in contempt for failure to pay his child support arrearage when he had the present ability to do so.[1]

The underlying action was commenced on March 11, 1992, in the Bullitt District Court (Action No. 92-J-00083) upon the filing of a paternity complaint by the Commonwealth of Kentucky ex rel. Cabinet for Human Resources (collectively referred to as the Commonwealth) and Jodi M. Brown.[2]

---

[1] This is the same result reached by this Court in our original Opinion rendered November 19, 2021.

[2] The Cabinet for Human Resources is now known as the Cabinet for Health and Family Services.  The Petition in this action was initiated by the Bullitt County Attorney on behalf of the Commonwealth of Kentucky and Brown.

The Commonwealth sought to establish paternity of Brown's daughter, who was born on August 16, 1991.[3] In the petition, it was alleged that Brown was receiving support from the Commonwealth under Aid to Families with Dependent Children, as well as other government benefits, and the Commonwealth wanted contribution from the child's father. Brown identified Durham as the father, and Durham filed an acknowledgement of paternity. By Judgment and Order entered August 10, 1992, Durham was adjudicated the father and ordered to pay child support of $40 per week.

Between 1992 and 2005, the matter was brought before the lower court on several occasions for issues related to nonpayment of child support. By order entered June 1, 2004, Durham was determined to be in contempt for failure to pay child support and was sentenced to 179-days incarceration conditionally discharged for two years. Child support of $416.87 per month was ordered to be paid plus an additional $50 per month to be applied toward his arrearage of $9,087.79.[4] The record is silent from late 2005 until early 2019. Presumably, Durham made substantial child support payments during this period of time. His unrefuted testimony, based on information received from the Bullitt County

---

[3] The child turned eighteen on August 16, 2009, and from the record it appears James E. Durham's child support obligation terminated in 2010 when the child graduated from high school.

[4] An Agreed Order reciting the same repayment terms was entered on August 31, 1999, and on December 19, 2001, by the Bullitt District Court. Durham signed the orders as a *pro se* litigant.

Attorney's Office, indicates he had paid over $62,800 of child support prior to the 2019 hearing. However, he remained obligated to pay any arrearage at the rate of $50 per month.

On April 16, 2019, the Commonwealth filed a motion to hold Durham in contempt of court for failure to pay his current child support arrearage, in the amount of $2,793.74.[5] An evidentiary hearing was conducted, and by Order entered on November 12, 2019, the family court stated:

> At the hearing on November 5, 2019[,] the [Commonwealth] produced evidence that the current arrearage balance is $2,753.74. [Durham] has reduced the balance by less than $50.00 since the [Commonwealth's] Motion was filed in April 2019. [Durham] testified that he works as a drywaller and supports a gambling habit. Counsel for [Durham] argued that [he] has "substantially complied" with his child support obligation and the Orders of the Court and thus should not be held in contempt.
>
> [Durham] has offered no reasonable explanation as to why he was unable to comply with the agreement he had previously entered and requested, by his agreement, for the Court to Order. In fact, the testimony of [Durham] is that he is capable of gainful employment and has income sufficient to provide for him to participate in the recreational activity of gambling. The Court being sufficiently advised;
>
> IT IS HEREBY ORDERED that [Durham] is found to be in contempt of Court. For his contemptuous

___
[5] At the hearing, a representative of the Bullitt County Attorney's Office testified that Durham owed $1,896.87 to the Commonwealth and $856.87 to Brown, which totals $2,753.74, not $2,793.74.

conduct the Court imposes a sanction of one hundred seventy-nine (179) days to be served in the Bullitt County Detention Center. The sentence is to begin immediately and to be served continuously until satisfied.

November 12, 2019, Order at 2-3.

As noted in its June 8, 2022, Opinion and Order vacating and remanding, the Supreme Court directed this Court to reconsider our November 19, 2021, Opinion in light of its recent Opinion in *Crandell v. Cabinet for Health and Family Services ex rel. Dilke*, 642 S.W.3d 686 (Ky. 2022). In *Crandell*, the family court found that Crandell had the present ability to pay child support. *Id.* The family court further held that Crandell was in contempt for failure to pay, found his child support arrearage to be $126,691.25, and imposed a monthly payment of $251 per month. *Id.* The family court further stated "that if Crandell failed to pay the stated amount [$251] by the 11th of each month, he must serve 20 days in [jail]." *Id.* at 689. Essentially, the family court was imposing punishment upon Crandell for possible future contemptuous conduct. *See id.*

It is well-established that a trial court has the inherent authority to enforce its judgment by ordering incarceration of a person who is found in contempt of a lawful order of the court. *Lewis v. Lewis*, 875 S.W.2d 862, 864 (Ky. 1993). Such inherent authority is nearly unfettered and will not be disturbed absent an abuse of discretion. *Lanham v. Lanham*, 336 S.W.3d 123, 128 (Ky. App. 2011). It has, likewise, been recognized that the lower court's contempt authority

-5-

should not be utilized to compel the doing of an impossible act. *Lewis*, 875 S.W.2d at 864 (citing *Rudd v. Rudd*, 214 S.W. 791 (Ky. 1919)). In fact, the Kentucky Supreme Court has specifically held that financial inability to pay can be a valid defense to contempt. *See id.* (citing *Clay v. Winn*, 434 S.W.2d 650, 652 (Ky. 1968)). Therefore, the lower court must find that the contemnor has the ability to satisfy the child support judgment before incarceration can be ordered. *Id.* The question of the contemnor's ability to satisfy a judgment is a question of fact to be determined by the trial court. *Id.* (citing *Clay v. Winn*, 434 S.W.2d 650, 652 (Ky. 1968)).

As an evidentiary hearing was conducted without a jury, our review proceeds pursuant to Kentucky Rules of Civil Procedure (CR) 52.01. CR 52.01 provides that "[f]indings of fact, shall not be set aside unless clearly erroneous[.]" A finding of fact is not clearly erroneous if supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 353-54 (Ky. 2003). Questions of law are reviewed *de novo*. *Allen v. Devine*, 178 S.W.3d 517, 524 (Ky. App. 2005).

In this case, the family court conducted a hearing on November 5, 2019, upon the Commonwealth's motion to find Durham in contempt for his failure to pay the child support arrearage. A review of the video record reveals that the court heard testimony from an employee of the county attorney, who testified Durham's child support arrearage was $2,753.74. She further testified that

-6-

Durham's two most recent payments were $40 on October 16, 2019, and $11 on March 6, 2018. Durham testified he was a drywaller by trade but had not been recently employed full time. Durham also testified that he had a gambling addiction and estimated that he had spent $3,000 - $4,000 on gambling in 2019. Durham testified that the money he spent on gambling was earned by working "odd jobs." Thus, by his own admission, Durham had earned more income in 2019 than his total child support arrearage.

Based upon this evidence, the family court specifically found that Durham was capable of gainful full-time employment but chose to work only sporadically. The family court also found that Durham spent those sporadic earnings on gambling rather than paying child support. We believe the family court's findings of fact are supported by substantial evidence and, thus, the findings are not clearly erroneous. The record plainly reveals that Durham possessed the ability to pay the child support arrearage of $50 per month. Instead, Durham simply chose not to work full time and to engage in gambling activities rather than pay child support.

Of particular import to the case *sub judice*, the *Crandell* Court reiterated the significance of the family court having made "specific findings of fact concerning the obligor's present ability to pay [the child support as ordered]." 642 S.W.3d at 690 (citation omitted). And, the *Crandell* Court also stressed the

significance of such finding "when ordering incarceration as a remedy for a finding of contempt." *Id.* at 690 (citation omitted).

In our case, the court orders at issue were entered in 1999, 2001, and 2004, which the family court concluded had been violated by Durham. The family court did not attempt to punish Durham for future contemptuous conduct. Rather, the family court merely made a finding that Durham had the present ability to pay his child support arrearage at a rate of $50 per month but chose not to do so even though he was capable of working. And, such finding was supported by substantial evidence and was not clearly erroneous. Based upon Durham's blatant refusal to pay the $50 per month toward the arrearage, despite his present ability to do so, the family court found that Durham was in contempt and ordered that he be incarcerated for his failure to do so as previously ordered.

Accordingly, we hold that the family court made sufficient findings of fact that Durham had the present ability to pay the child support arrearage and was in contempt for his failure to pay. We believe our holding is in accord with the holding in *Crandell*. *See id.*

For the foregoing reasons, the November 12, 2019, Order of the Bullitt Circuit Court, Family Court Division, is affirmed.

ALL CONCUR.

-8-

BRIEFS FOR APPELLANT:

Karen Shuff Mauer
Assistant Public Advocate
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR COMMONWEALTH OF
KENTUCKY EX REL. CABINET
FOR HEALTH AND FAMILY
SERVICES:

Jeffrey L. England
Special Assistant Attorney General
Bullitt County Attorney's Office
Shepherdsville, Kentucky

NO BRIEF FOR JODI M. BROWN.